UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMPASS RESIDENTIAL AND CONSULTING, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:23-cv-00859-JPH-MKK ) |
| CG-DSA, LLC, | ) ) |
| Defendant. | ) |

**ORDER ON JURISDICTION**

Plaintiff, Compass Residential and Consulting, LLC, has filed an Amended Complaint alleging that this Court has diversity jurisdiction over this matter. Dkt. 8. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). The Amended Complaint alleges that Plaintiff "is a limited liability company, organized under the laws of the state of Indiana" and Defendant "is a limited liability company organized under the laws of the state of Delaware." Dkt. 8 at ¶¶4–5.

However, for diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of

1

business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.

While Plaintiff's Local Rule 7.1 Statement provides that Plaintiff's "officer" is Kenneth Thorpe, an individual who resides in Indiana, dkt. 2,[1] there is no information in the record about either Plaintiff's or Defendant's members or their states of citizenship. Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS** the parties to file a joint jurisdictional statement by **August 28, 2023**, addressing the issues identified in this order.

---

[1] The Court notes that an individual's domicile is established by their state of "citizenship" not the state of "residence." *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009) ("Residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.").

**SO ORDERED.**

Date: 8/14/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel